People v Dubeau (2019 NY Slip Op 05704)





People v Dubeau


2019 NY Slip Op 05704


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-04071

[*1]People of State of New York, respondent, 
v
Kenneth Dubeau, appellant. Diane T. Webster, White Plains, NY, for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended order of the Supreme Court, Westchester County (Susan Cacace, J.), entered February 26, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
The defendant was charged in Florida with numerous sexual offenses against three adolescent boys. The offenses included "lewd or lascivious molestation," possession of child pornography, and promoting a sexual performance by a child. The defendant pleaded guilty to promoting a sexual performance by a child and possession of child pornography with respect to one of the victims. The remaining counts were disposed of as "nolle prosse."
Upon the defendant's relocation to New York, the Supreme Court held a hearing pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law § 168 et seq.). After the SORA hearing, the court assessed the defendant 85 points, which is within the range for a presumptive designation as a level two sex offender. The court denied the defendant's application for a downward departure and designated him a level two sex offender.
We agree with the Supreme Court's assessment of 10 points under risk factor 2 for physical contact under clothing and 30 points under risk factor 3 for the number of victims being three or more. The assessment of those points was supported by clear and convincing evidence in the record (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 573; SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). Contrary to the defendant's contention, the court is not limited to consideration of the charges to which the defendant pleaded guilty (see People v Sincerbeaux, 27 NY3d 683, 687-688; People v Butler, 157 AD3d 727, 731; see also People v Britton, 31 NY3d 1019, 1020).
Moreover, we agree with the Supreme Court's assessment of 20 points under risk factor 7, since the evidence was clear and convincing that the defendant established a relationship with two of the boys for the purpose of victimizing them (see People v Dilillo, 162 AD3d 915, 916; People v Buculei, 161 AD3d 903, 904; Guidelines at 12).
We further agree with the Supreme Court's determination to deny the defendant's application for a downward departure from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861). Here, the mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a departure from the presumptive risk level.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court